IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN DEWAYNE GRAY, #268558 ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:21-cv-221-WKW-SMD |
| ) | [WO] |
| MADISON COUNTY SHERIFF'S ) DEPARTMENT, *et al.*, ) ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro Se Plaintiff Stephen Dewayne Gray, an inmate currently confined in the Kilby Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that he was unlawfully arrested under the Fourth Amendment. *Id.* He names the Madison County Sherriff's Department, the Huntsville Police Department, Jeff Burke, Investigator K. Browning, and Attorney Larry Marcellus as defendants. *Id.*

Under 42 U.S.C. § 1983, an action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). A district court may transfer a civil action to any other district where

the action could have been brought if doing so would be in the interest of justice. 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a); 28 U.S.C. § 1631.

Here, Madison County, which encompasses the City of Huntsville, is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Additionally, it appears that most material witnesses and evidence related to Plaintiff's claims are located in the Northern District of Alabama. The undersigned therefore finds that, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama.[1]

\*   \*   \*

For these reasons, the undersigned Magistrate Judge RECOMMENDS that this case be transferred to the United States District Court for the Northern District of Alabama.[2] It is further ORDERED that the parties shall file any objections to this recommendation on or before **May 18, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual

---

[1] In transferring this case, the Court makes no determination as to the merits of Plaintiff's claims.

[2] Plaintiff has not submitted fiiling fees or a motion to proceed *in forma pauperis*. The undersigned finds, however, that the assessment and collection of any fees should be undertaken by the Northern District of Alabama.

and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of May, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE